## Case No. 847.

### BANK OF ALEXANDRIA v. DYER.

[5 Cranch, C. C. 403.] [1]

Circuit Court, District of Columbia. March Term, 1838.[2]

STATUTE OF LIMITATIONS BEYOND SEAS—COUNTIES IN THE DISTRICT OF COLUMBIA.

The county of Alexandria in the District of Columbia, is not beyond seas, as to the county of Washington in the same district.

[See note at end of case.]

At law. Assumpsit [by the Bank of Alexandria] for money had and received by the

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Affirmed in 14 Pet. (39 U. S.) 141.]

defendants [Edward Dyer and Francis C. Dyer] to the plaintiff's use. The defendants pleaded non-assumpsit, and the statute of limitations of Maryland, (1715, c. 23.) The plaintiffs relied, that at the time of making the promise "they were in the county of Alexandria in the District of Columbia, beyond the seas, and so in the county of Alexandria, beyond the seas, remained and continued until the day of the impetration of the original writ aforesaid, to wit, at Washington county aforesaid; and this they are ready to verify," &c. To this replication the defendants demurred. [Demurrer sustained. This judgment was subsequently affirmed by the supreme court in Bank of Alexandria v. Dyer, 14 Pet. (39 U. S.) 141.]

Mr. R. S. Coxe, for the plaintiffs.

Alexandria county and Washington county are governed by different laws; as much so as Virginia and Maryland. This point has always been so decided by this court, in the removal of slaves from one county to the other. When two places are under different sovereignties, they are beyond seas as to each other. The laws of Alexandria and Washington are derived from different sovereignties; and those laws are specially continued in force in the respective counties, by the act of congress of the 27th of February, 1801, (2 Stat. 103.) Shelby v. Guy, 11 Wheat. [24 U. S.] 361.

Mr. W. L. Brent, contra.

The savings in the statute do not apply to a bank; such as non-age, coverture, and imprisonment. A bank has no residence. The replication merely says that the plaintiffs were in Alexandria county when the promise was made.

Mr. Bradley, on the same side.

The judicial jurisdiction of the two counties is the same; and by the act of congress of the 24th of June, 1812, § 5, (2 Stat. 755,) executions may be served in either county. Scotland is not beyond seas in respect to England. Byles, Lim. 193; Le Roy v. Crowninshield, [Case No. 8,269.]

Mr. Coxe, in reply.

If this case had happened before the 27th of February, 1801, the replication would have been good. The act of congress of that date continues the laws of the two counties as they were before; if so, the plaintiffs have the same rights as if the jurisdiction had not been changed. If the replication was good before 1801, it is good now. It is no objection that the bank cannot have the benefit of all the exceptions of the statute; and it is no reason that the bank cannot have the benefit of some, because it cannot have the benefit of all. A corporation has a residence, a commorancy. U. S. v. Amedy, 11 Wheat. [24 U. S.] 392. The lex fori is the rule. If it depend upon the jurisdiction of

the country, "beyond seas" could not be pleaded in any of the circuit courts of the United States, when the plaintiff resided in a different state. Upon a cession of territory the laws remain until changed by the new sovereign.

THE COURT (MORSELL, Circuit Judge, contra) sustained the demurrer, being of opinion that the replication was insufficient.

[NOTE. This case arose under the statute of limitations of Maryland, (1715,) which, with other laws, was continued in force when the territory on the north bank of the Potomac was ceded to the United States, and became the county of Washington, in the District of Columbia. Virginia ceded territory on the south bank, which was erected into the county of Alexandria, as to which the Virginia laws were continued in force. The decision in this case was affirmed in Bank of Alexandria v. Dyer, 14 Pet. (39 U. S.) 141. Mr. Chief Justice Taney, in delivering the opinion of the court, said that the words "beyond seas" were manifestly borrowed from the English statute James I. c. 21, which have always been construed to mean "without the jurisdiction," and such should be the construction in this case; that, although the county of Alexandria was unquestionably beyond seas, with respect to the county of Washington, before they were ceded to the United States by Virginia and Maryland, respectively, nevertheless, after the cession, when the District of Columbia was created, the two counties became parts of one political body, united under one government and jurisdiction, their relation being analogous to that of counties in a state, and not to that of states in the Union, and therefore one was no longer beyond seas with respect to the other.
[The county of Alexandria was subsequently ceded back to Virginia by Act July 9, 1846, (9 Stat. 35.)]